Patrick M. Flatley
United States Bankruptcy Judge
Dated: Friday, January 28, 2011 3:12:27 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GEORGE VAN WAGNER, | ) | Case No. 08-435 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| GEORGE VAN WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 10-90 |
| | ) | |
| CENTRA BANK, DOUGLAS CRAIGO, | ) | |
| and EAGLE PROPERTIES. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Centra Bank, Inc., requests that the court dismiss this adversary complaint filed against it by George Van Wagner (the "Debtor") on the grounds that the causes of action asserted against it belong to Eagle Properties, LLC – not the Debtor. Centra Bank also requests that the court strike a notice of lis pendens filed by the Debtor on property securing a note owed to Centra Bank by Eagle Properties.

For the reasons stated herein, the court will grant Centra Bank's motion to dismiss and motion to strike the notice of lis pendens.

### I. STANDARD OF REVIEW

In adjudicating a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6),

1

a court must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them, and a court may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## II. BACKGROUND

The Debtor, as a member of Eagle Properties, requests in his complaint that this court quiet title to lots 6-10 of Cove/Eagle Properties situated in Berkeley County, West Virginia. The property is owned by Eagle Properties, a limited liability company.

Before 2007, the Debtor was one of four members of Eagle Properties. On March 16, 2007, a special meeting of Eagle Properties' members was held, wherein the Debtor purchased the membership interest of Douglas Craigo, and Steven Crites purchased the membership interest of Wayne Palkovic. As a result of the membership interest transfers, the Debtor and Mr. Crites each had a 50% membership interest in Eagle Properties.

As of March 16, 2007, Eagle Properties owned ten lots upon which town homes were being constructed. Centra Bank issued a line of credit to Eagle Properties secured by a deed of trust on the ten lots. After the March 16, 2007 special meeting of Eagle Properties, the Debtor and Mr. Crites informed Centra Bank that they were the only two members of Eagle Properties. Even though Mr. Craigo was no longer a member of Eagle Properties, he continued to draw on the line of credit provided to Eagle Properties by Centra Bank.

The Debtor and Mr. Crites also executed a new operating agreement whereby, among other items, each member had a right of first refusal to purchase the other member's interest in Eagle Properties should the interest be offered for sale.

During the summer of 2007, Eagle Properties sold five of the ten lots upon which it had built town homes. In 2008, both the Debtor and Mr. Crites filed bankruptcy cases. In 2009, Mr. Crites sold his interest in Eagle Properties to Douglas Craigo without allowing the Debtor a right of first refusal.

Thereafter, Mr. Craigo and Centra Bank took possession of the remaining five lots upon which town homes were being constructed. They completed construction and rented out the remaining town homes without the permission of the Debtor, Eagle Properties, or the bankruptcy

court.

Among his requests for relief, the Debtor asks the court for an order that quiets title to lots 6-10, directs Mr. Craigo to surrender his 50% interest in Eagle Properties to the Debtor for the same consideration that Mr. Craigo paid for that interest, and directs Centra Bank to provide an accounting, especially as it relates to the unauthorized draws by Mr. Craigo on Eagle Properties's line of credit.

### III. DISCUSSION

Centra Bank contends that the causes of action asserted against it belong to Eagle Properties; thus, the Debtor has no standing to file this adversary complaint. On the basis that the Debtor has not asserted any cause of action against it, Centra Bank requests that the court strike the notice of lis pendens filed by the Debtor so that it may foreclose on lots 6-10.

Although not enumerated, the Debtor's adversary complaint appears to assert three causes of action:

> 12. Douglas Craigo and Centra Bank took wrongful possession of lots 6-10, they completed construction and rented out the town homes on lots 6-10 without notification to or permission from this Plaintiff, Eagle Properties, LLC, or the Bankruptcy Court for the Northern District of West Virginia. . . .
> 13. The transfer of 50% interest in Eagle Properties, LLC between Steven Crites and Douglas Craigo is illegal. . . .
> 14. Douglas Craigo signed his interest in Eagle Properties, LLC to George Van Wagner on March 1, 2007, but continued to draw on funds loaned to Eagle Properties, LLC from Centra Bank. These draws should not have been allowed and Centra Bank should be held responsible. . . .

(Compl. ¶ 12-14).

With regard to the allegations in Paragraph 12, the Debtor asserted in his complaint that Eagle Properties owns lots 6-10. The Debtor is merely a member of Eagle Properties, which is "a legal entity distinct from its members." W. Va. Code § 31B-2-201. As a member, the Debtor may "maintain an action against a limited liability company or another member for legal or equitable relief," § 31B-4-410(a), but may not bring a lawsuit in his own name asserting rights belonging to

3

the limited liability company.[1]  *E.g.*, *Franchise Tax Bd. v. Alcan Aluminium*, 493 U.S. 331, 336 (1990) ("'[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.' Related to this principle we think is the so-called shareholder standing rule . . . that generally prohibits shareholders from initiating actions to enforce the rights of the corporation . . . .") (citation omitted); *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (the party filing suit may only assert that party's own rights and cannot raise the claims of a third party); *In re Real Marketing Servs., LLC*, 309 B.R. 783, 788 (S.D. Cal. 2004) ("[M]embers of an LLC hold no direct ownership interest in the company's assets and therefore are not directly injured when the company suffers an improper deprivation of those assets.").

In this case, the right to bring an action for wrongful possession / trespass – as alleged in Paragraph 12 – belongs to Eagle Properties and not the Debtor.  *E.g.*, *Belcher v. Greer*, 382 S.E.2d 33, 35 n.1 (W. Va. 1989) ("To sustain an action for trespass, the plaintiff must have either actual physical possession or constructive possession, usually through holding legal title."); Syllabus Pt. 4, *Pan Coal Co. v. Garland Pocahontas Coal Co.*, 125 S.E. 226 (W. Va. 1924) ("Either actual or constructive possession is sufficient to maintain an action of trespass or trespass on the case for damage to real estate.").  As a member of Eagle Properties, the Debtor does not have either actual or constructive possession of lots 6-10; consequently, any action against Centra Bank for wrongful possession / trespass must be brought by Eagle Properties – not the Debtor.

Paragraph 13 of the Complaint purports to assert a cause of action against Steven Crites and Douglas Craigo and does not allege any cause of action against Centra Bank.

Like Paragraph 12, Paragraph 14 also purports to assert a cause of action belonging to Eagle Properties based on Centra Bank's allegedly unauthorized disbursement of Eagle Properties' loan proceeds on the request of Douglas Craigo, who at the time was not a member of Eagle Properties. As alleged in the complaint, however, the note was issued by Centra Bank to Eagle Properties – not the Debtor.  The note is secured by lots 6-10, which are titled in the name of Eagle Properties – not

---

[1] The Debtor states that he filed his adversary complaint "representing his membership interest as equity security holder of Eagle Properties, LLC." The Debtor fails to recognize the important distinction between holding an equitable interest in a limited liability company and attempting to represent the legal rights that belong to the limited liability company.

the Debtor. Because the Debtor has not shown any direct interest in the outcome of the asserted cause of action in Paragraph 14, it is likewise one that may only be asserted by Eagle Properties.[2]

Because the Debtor has not shown that he has any direct interest in the wrongs purportedly inflicted upon Eagle Properties, the notice of lis pendens filed by him regarding lots 6-10 should be stricken. "A notice of lis pendens is properly filed pursuant to W.Va. Code § 55-11-2 (1981) only when a person seeks 'to enforce any lien upon, right to, or interest in designated real estate.'" Syllabus Pt. 1, *State ex rel. Watson v. White*, 408 S.E.2d 66 (W. Va. 1991). Here, the Debtor has not shown that he has a lien upon, right to, or direct, cognizable interest in lots 6-10.

### IV. CONCLUSION

The court will enter a separate order pursuant to Fed. R. Bankr. P. 7058 that grants Centra Bank's motion to dismiss and motion to strike the notice of lis pendens.

---

[2] Centra Bank also argued that any claim belonging to Eagle Properties is subject to the control of the Debtor's Chapter 7 trustee. Because the court is disposing of Centra Bank's motion to dismiss on alternative grounds, the court does not need to address this argument.